# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| GREG EVERHEART, ) | |
| ) | Case No. 1:17-CV-351 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| C/O BRYANE,[1] DARREN SETTLES, ) | |
| DUSTIN BROWN, F/N/U LUCAS, ) | |
| F/N/U WORTHINGTON, JANE AND ) | |
| JOHN DOES, T.D.O.C., ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] that was transferred from the Middle District of Tennessee, which assessed Plaintiff with the filing fee [Doc. 8]. For the reasons set forth below, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

### I. Screening Standard

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell*

---

[1] As Plaintiff listed C/O Bryane in the style of his complaint [Doc. 1 p. 1], the Clerk will be **DIRECTED** to add him as a Defendant on the Court's docket.

*Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. Allegations of the Complaint

Plaintiff alleges that on September 1, 2017, his sister called Bledsoe County Correctional Complex ("BCCX"), where he is incarcerated, to notify Plaintiff that his other sister had passed away, but was unable to reach him after several people transferred her [Doc. 1 p. 4–5]. Accordingly, Plaintiff's sister and her husband drove to BCCX to visit Plaintiff [*Id.* at 5]. They arrived at BCCX at 1:55 p.m., which was within the visitation hours, but Defendant Bryane[2] was not at her post [*Id.*]. Moreover, when Defendant Bryane returned to her post, she refused to allow them to sign in and told them that they were too late for visiting [*Id.*]. Thus, Plaintiff's sister and her husband were made to leave [*Id.*]. When they called about the issue, Defendant

---

[2] Plaintiff refers to this Defendant as both "Brysone" and "Bryane" in different parts of the complaint [compare Doc. 1 p. 1, 6 with p. 5]. As Plaintiff named this Defendant as "Bryane" in the style of the complaint, the Court uses that name.

2

Worthington told them the same thing as Defendant Bryane [*Id.*]. Plaintiff alleges that, had Defendant Bryane been at her post, his family would have had time to visit with him [*Id.*]. Plaintiff also alleges that his grievance regarding the situation was denied due to lies [*Id.*].

In his complaint, Plaintiff seeks to hold Defendants Worthington, Lucas, and Bryane liable for denying him visitation with his family in violation of the First Amendment [*Id.* at 6]. Plaintiff also seeks to hold Defendant Brown liable for lying about Plaintiff's receipt of a write-up to keep Plaintiff from obtaining relief for his grievance regarding the denial of visitation [*Id.*]. Plaintiff also seeks to hold Defendants Settles, Brown, Bobby, and John and Jane Does liable for their failure to check into the alleged misconduct properly [*Id.* at 6–7].

### III. <u>Legal Analysis</u>

First**,** the Eleventh Amendment provides the State of Tennessee with immunity from § 1983 claims. *Rodgers v. Mich. Dep't of Corrs.*, 29 Fed. App'x 259, 260 (6th Cir. 2002). This immunity extends to state governmental agencies, as they are "arms" of the state. *Dubuc v. Mich. Bd. Of Law Exam'rs*, 342 F.3d 610, 615 (6th Cir. 2003). Moreover, courts treat official-capacity suits as against the governmental entity. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Accordingly, Defendant Tennessee Department of Correction and any claims against the individual Defendants in their official capacities are subject to dismissal as immune under the Eleventh Amendment.

Next, Plaintiff's allegation that Defendant Brown lied to prevent Plaintiff from receiving relief for his grievance fails to state a claim upon which relief may be granted under § 1983, as "there is no inherent constitutional right to an effective prison grievance procedure." *LaFlame v. Montgomery Cty. Sheriff's Dep't.*, 3 F. App'x 346, 348 (6th Cir. 2001). Thus, this allegation fails to state a claim upon which relief may be granted under § 1983.

Further, liberally construed, Plaintiff's allegations regarding the denied visitation establish that, although his sister and her husband timely arrived for visitation, Defendant Bryane was away from her post and, when she returned to her post, she did not allow them to visit with Plaintiff because the time for visitation had passed. Thus, Plaintiff was denied a visit from his sister and her husband because of the prison's time restriction on visiting and because Defendant Bryane was not at her post to allow the visit in a timely manner.

While prisoners retain their constitutional rights that are not inconsistent with their status as prisoners and/or legitimate penological interests, the right to free association under the First Amendment is "among the rights least compatible with incarceration." *Overton v. Bazzeta*, 539 U.S. 126, 131 (2003). Further, courts "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Id.* at 132. A court must consider the following four factors in determining whether a prison regulation that affects a constitutional right that survives incarceration is constitutional:

> whether the regulation has a valid, rational connection to a legitimate governmental interest; whether alternative means are open to inmates to exercise the asserted right; what impact an accommodation of the right would have on guards and inmates and prison resources; and whether there are "ready alternatives" to the regulation.

*Id.* (internal quotations omitted). The Supreme Court has held that reasonable limits on, among other things, the timing of visitation in a prison context are permitted. *Pell v. Procunier*, 417 U.S. 817, 826 (1974).

Thus, any First Amendment right to visits that prisoners retain while incarcerated does not require that such visitation may be had on demand, but rather "must be subject to reasonable

restrictions on time, place[,] and manner of visits." *Mills v. Fischer*, 497 F. App'x 114, 116 (2d Cir. 2012) (holding that a complaint alleging that the defendants denied plaintiff a visit with his son because of deficient identification and shortened his visit with another visitor failed to state a claim upon which relief may be granted under § 1983). On the other hand, however, even a single intentional or malicious deprivation of visitation could violate the constitution. *Id.*

Regulations on the timing of prisoner visits with third parties have a valid, rational connection to legitimate governmental interests, including but not limited to the security and management of the prison. Further, nothing suggests that Plaintiff's ability to communicate with his sister through other means, including timely visits and/or the mail, were limited, or that the denial of the visit was intentional or malicious. Moreover, accommodation of the untimely visit would have required, at a minimum, the use of extra guards to ensure prison security. Thus, after considering all of the relevant factors, the Court finds that Plaintiff's allegations regarding his denied visitation fail to state a claim for violation of Plaintiff's First Amendment right to free association as to any Defendant.

Plaintiff also seeks to hold Defendants Bobby, Settles, the Tennessee Department of Correction, Lucas, and Jane/John Doe liable for the incidents in the complaint for their failure to check into the alleged misconduct properly [Doc. 1 p. 6–7]. Liability under § 1983, however, cannot be based on the doctrine of respondeat superior, but rather "must be based on active unconstitutional behavior." *Sheehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983). Thus, these claims also fail to state a claim upon which relief may be granted under § 1983.

## IV. Conclusion

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983.  Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

                                          */s/ Travis R. McDonough*
                                          **TRAVIS R. MCDONOUGH**
                                          **UNITED STATES DISTRICT JUDGE**